IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| Juanita Hart *and* Devon Hart-Barron, ) | Civil Action No. 2:16-2777-RMG |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | **ORDER AND OPINION** |
| ) | |
| Safeco Insurance Co., *a subsidiary of* ) | |
| *Liberty Mutual Insurance Company d/b/a* ) | |
| *First National Insurance Company of* ) | |
| *America, and* American Auto Club ) | |
| Insurance Agency, ) | |
| ) | |
| Defendants. ) | |

This matter is before the Court on Defendant American Auto Club Insurance Agency's ("American Auto") motion to dismiss the amended complaint under Rule 12(b)(6) of the Federal Rules of Civil Procedure. For the reasons set forth below, the Court grants the motion.

## I. Background

This is an automobile insurance coverage case. Plaintiffs Juanita Hart and Devon Hart-Barron allege that, in August 2015, they purchased an automobile insurance policy (number F3013258) issued by Defendant Safeco Insurance Company ("Safeco") from American Auto, an independent insurance agent. (Am. Compl. ¶¶ 4, 7.) Effective December 31, 2015, Ms. Hart added a 2015 Nissan Sentra to the Safeco policy and Plaintiff Devon Hart-Barron as a named insured. (*Id.* ¶¶ 7, 11–14.) Plaintiffs allege American Auto and Safeco setup a monthly automatic draft payment plan for the insurance premiums. (*Id.* ¶ 9.)

On February 1, 2016, Ms. Hart-Barron was involved in an automobile accident that rendered the 2015 Sentra a total loss. (*Id.* ¶ 15–16.) Plaintiffs notified Safeco and American Auto. (*Id.*) On February 4, 2016, Safeco acknowledged coverage for the accident and offered to pay fair

-1-

market value for the vehicle. (*Id.* ¶ 18.) That offer was contingent on Plaintiffs executing a power of attorney authorizing Safeco to salvage the vehicle. (*Id.* ¶ 19.)

Plaintiffs allege that on February 9, 2016, Ms. Hart called American Auto to ask for instructions regarding transfer of the vehicle to Safeco, she was informed that the January premium payment was not processed and that her policy may be cancelled. (*Id.* ¶ 21.) It is undisputed that the premium due on January 3, 2016 premium was not paid. (*See id.* ¶ 24.) Plaintiffs allege Safeco never executed the scheduled automatic draft and provided no notice of nonpayment. (*Id.*) Plaintiffs nonetheless executed the power of attorney and Safeco took possession of the vehicle on February 15, 2016. (*Id.* ¶ 22.) After Safeco took possession of the vehicle, Safeco informed them that it was cancelling the insurance policy and denying coverage because the January 2016 premium payment was not made. (*Id.* ¶¶ 23, 25.) Plaintiffs allege they learned the policy was in fact cancelled from a South Carolina Department of Motor Vehicles letter. (*Id.* ¶ 23.) Plaintiffs have not made any representation about the date of that letter, but assuming the allegation to be true, the letter likely must have been received after February 15, 2016 (when Safeco took possession of the vehicle) and before or very near to February 23, 2016, which is the date of a letter from Safeco to an attorney for Raymond Baumil, denying Mr. Baumil's claim against Ms. Hart-Barron's policy number F3013258 arising from a February 1, 2016 incident. (*See* Dkt. No. 37-5.)

On July 5, 2016, Plaintiffs filed the present action in the Charleston County Court of Common Pleas. The case was removed to this court on August 9, 2016. The amended complaint asserts two causes of action against American Auto: equitable estoppel and breach of fiduciary duty.

## II. Legal Standard

Rule 12(b)(6) of the Federal Rules of Civil Procedure permits the dismissal of an action if the complaint fails "to state a claim upon which relief can be granted." Such a motion tests the legal sufficiency of the complaint and "does not resolve contests surrounding the facts, the merits of the claim, or the applicability of defenses. . . . Our inquiry then is limited to whether the allegations constitute 'a short and plain statement of the claim showing that the pleader is entitled to relief.'" *Republican Party of N.C. v. Martin*, 980 F.2d 943, 952 (4th Cir. 1992) (quotation marks and citation omitted). In a Rule 12(b)(6) motion, the Court is obligated to "assume the truth of all facts alleged in the complaint and the existence of any fact that can be proved, consistent with the complaint's allegations." *E. Shore Mkts., Inc. v. J.D. Assocs. Ltd. P'ship*, 213 F.3d 175, 180 (4th Cir. 2000). However, while the Court must accept the facts in a light most favorable to the non-moving party, it "need not accept as true unwarranted inferences, unreasonable conclusions, or arguments." *Id.*

To survive a motion to dismiss, the complaint must state "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Although the requirement of plausibility does not impose a probability requirement at this stage, the complaint must show more than a "sheer possibility that a defendant has acted unlawfully." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A complaint has "facial plausibility" where the pleading "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

## III. Discussion

Plaintiffs claim American Auto "should be estopped from denying coverage under the Safeco policy." (Am. Compl. ¶ 69.) That equitable estoppel claim is without merit. American

Auto cannot be "estopped" from denying insurance coverage because it is not a provider of insurance and because it has no role in insurers' coverage decisions.

Further, even if American Auto somehow had control of the coverage decision at issue in this case, it could be equitably estopped from denying coverage only if it represented it would notify Plaintiffs of any failed premium payment and if Plaintiffs had relied upon that representation. "'The elements of an equitable estoppel as related to the party claiming the estoppel are (1) lack of knowledge and of the means of knowledge of the truth as to the facts in question; (2) [justifiable] reliance upon the conduct of the party estopped; and (3) the . . . [prejudicial] change [in] position of the party claiming the estoppel.'" *Walton v. Walton*, 318 S.E.2d 14, 16 (S.C. 1984) (quoting *Murphy v. Hagan*, 271 S.E.2d 311, 313 (S.C. 1980)). Plaintiffs allege Safeco failed to initiate the bank draft for the January premium and failed to notify them of the resulting nonpayment of premium before the February 1, 2016 accident. (*See* Am. Compl. ¶¶ 24, 56.) They allege American Auto knew of Safeco's alleged failures (*id.*), but, as American Auto rightly notes, they fail to allege American Auto represented it would notify them of failed premium payments (*see* Dkt. No. 36 at 8). In other words, Plaintiffs identify no representation that they relied upon to their detriment.

Plaintiffs also claim American Auto breached fiduciary duties owed Plaintiffs by failing to notify them that the January 2016 premium payment was not processed under the automatic payment plan that American Auto allegedly helped setup. (*See* Am. Compl. ¶¶ 51–58.) That claim is also without merit because no fiduciary relationship existed between American Auto and Plaintiffs. "A confidential or fiduciary relationship exists when one imposes a special confidence in another, so that the latter, in equity and good conscience, is bound to act in good faith and with due regard to the interests of the one imposing the confidence." *Hendricks v. Clemson Univ.*, 578

S.E.2d 711, 715 (S.C. 2003) (internal quotation marks omitted). The sale of insurance is an arm's length transaction that does not create a fiduciary relationship between buyer and seller. *Pitts v. Jackson Nat. Life Ins. Co.*, 574 S.E.2d 502, 508 (S.C. Ct. App. 2002). Plaintiffs allege no relationship with American Auto beyond the purchase of an insurance policy and interactions incidental to that purchase, such as the addition of a named insured and an additional vehicle to the policy. American Auto had no fiduciary duties to breach.

In response to American Auto's motion to dismiss the breach of fiduciary duty claim, Plaintiffs claim American Auto was their insurance broker rather than an insurance agent because the definitions section of the South Carolina Insurance Law defines insurance broker as "an individual licensed by the department to represent citizens of this State in placing their insurance." (Dkt. No. 38 at 5.) Plaintiffs claim that definition is "fitting" with regard to American Auto because Ms. Hart testified in her deposition that she asked American Auto to switch her insurance from Progressive to Safeco. (Dkt. No. 38 at 5.) The Court cannot consider Ms. Hart's deposition testimony or other matters beyond the pleadings on a motion to dismiss. However, the Court may consider documents "integral to and explicitly relied on in the complaint." *Phillips v. LCI Int'l, Inc.*, 190 F.3d 609, 618 (4th Cir. 1999). Plaintiffs allege American Auto "is an insurance agency licensed to do business in the State of South Carolina and acted as the Harts' insurance broker." (Am. Compl. ¶ 4.) American Auto's licensure therefore is integral to and explicitly relied on in the amended complaint.

The full statutory definition of an insurance broker is "an individual licensed by the department to represent citizens of this State in placing their insurance. An insurance broker may place that insurance either with an eligible surplus lines insurer or with a licensed insurance producer in an insurance carrier licensed in this State." S.C. Code § 38-1-20(27). Public licensure

records show that the only South Carolina licensed individual at American Auto is licensed as a "producer," not a "broker." *Agency License Search*, S.C. Dep't Ins., https://online.doi.sc.gov/Eng/Public/Queries/AgncyLicSrch.aspx. A "producer" is one who "sells, solicits, or negotiates insurance policies"—exactly what Plaintiffs allege American Auto did in this case. *Id.* A "broker" is one who "sells, solicits, or negotiates insurance policies for Eligible Surplus Lines insurers." *Id.* There is no allegation that surplus line insurance has any relevance to this case.

Even if American Auto were Plaintiffs' insurance broker, Plaintiffs do not attempt to explain why that would create a fiduciary relationship. Fiduciary duties arise from the nature of the relationship between the parties, not from licensure terminology. *Hendricks*, 578 S.E.2d at 711. Plaintiffs instead merely assert that American Auto's "denial of its broker status" creates "a question of fact . . . as to whether American Auto acted as a broker or as an agent when dealing with Plaintiffs." (Dkt. No. 38 at 5.) Plaintiffs fail to explain how that purported question of fact is material in this case (*i.e.*, how it would create a fiduciary duty). Further, the conflict between a false statement and the truth does not raise a "question of fact" that precludes summary disposition. Where the truth is known, there is no question of fact.

The gravamen of Plaintiffs' claims against American Auto appears to be that American Auto incorrectly setup Plaintiffs' automatic draft payment plan, resulting in loss of coverage. Yet Plaintiffs never actually make that allegation. Instead, they allege American Auto failed to inform them of nonpayment of the January 2016 premium. (Am. Compl. ¶ 67.) Yet Plaintiffs never allege American Auto represented it would provide notice of failed premium payments. Instead, they argue American Auto entered into a fiduciary relationship with them when it sold them an insurance policy, and so had a continuing duty to protect Plaintiffs' interests proactively. (*Id.* ¶

57.) That argument is contrary to law—American Auto did not enter into a fiduciary relationship when it sold Plaintiffs an insurance product in an arm's length transaction. *Pitts*, 574 S.E.2d at 508. Plaintiff therefore fails to state a claim for breach of fiduciary duty or a claim for equitable estoppel against Defendant American Auto.[1]

## IV. Conclusion

For the foregoing reasons, the Court **GRANTS** American Auto's motion to dismiss (Dkt. No. 36) and **DISMISSES** Defendant American Auto from this action. Plaintiffs' motion to compel discovery from American Auto (Dkt. No. 43) and American Auto's motion to stay discovery (Dkt. No. 45) are **DENIED AS MOOT**.

**AND IT IS SO ORDERED.**

Richard Mark Gergel
United States District Court Judge

December 16, 2016
Charleston, South Carolina

---

[1] The Court expresses no view on whether Plaintiffs could state a plausible negligence or other claim for damages against American Auto. The Court's consideration is confined to the two causes of action asserted against American Auto in the amended complaint: breach of fiduciary duty (fifth cause of action) and equitable estoppel (seventh cause of action).