IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | | |
|---|---|---|
| Juanita Hart *and* Devon Hart-Barron, ) | | Civil Action No. 2:16-2777-RMG |
| ) | | |
| Plaintiffs, ) | | |
| ) | | |
| v. ) | | **ORDER AND OPINION** |
| ) | | |
| Safeco Insurance Co., *a subsidiary of* ) | | |
| *Liberty Mutual Insurance Company d/b/a* ) | | |
| *First National Insurance Company of* ) | | |
| *America, and* American Auto Club ) | | |
| Insurance Agency, ) | | |
| ) | | |
| Defendants. ) | | |
| _____) | | |

This matter is before the Court on Defendant Safeco Insurance Company's ("Safeco") motion to dismiss the amended complaint under Rule 12(b)(6) of the Federal Rules of Civil Procedure. The amended complaint asserts six causes of action against Safeco: conversion, breach of contract, bad faith denial of insurance coverage, negligent misrepresentation, promissory estoppel, and equitable estoppel. Safeco argues claims against it should be dismissed because it did not issue the insurance policy at issue in this case. Documents referenced in or integral to the complaint may be considered when considering a motion to dismiss. *Phillips v. LCI Int'l, Inc.*, 190 F.3d 609, 618 (4th Cir. 1999). Here, documents referenced in the amended complaint show that the policy at issue in this case was issued by First National Insurance Company of America ("First National"). (*See* Am. Compl. Ex. A.) First National is one of Safeco's many underwriting companies. *See Insurer Licensing Information*, Safeco Insurance, http://www.safeco.com/underwriting-companies. Further, by sworn affidavit, First National Insurance Company has admitted it is the entity issuing the policy at issue in this case. (Dkt. No. 39-1.)

However, those documents also prominently feature "Safeco" on every declarations page, the policy terms use phrases such as "Disclosure to Safeco Policy Holders," and the policy terms define "Safeco" as "Safeco Insurance Company of America [and] First National Insurance Company of America." (*See* Dkt. No. 39-1 at 3–9.) The signature block for the adjuster assigned to the February 1, 2016 accident reads:

Richard Valenzuela

First National Insurance Company of America
(317) 660-3218 Fax: (888) 268-8840
Ricahrd.Valenzuela@**safeco**.com

(Am. Compl. Ex. B (emphasis added).) The Court cannot determine, solely from the documents referenced in or integral to the amended complaint, that Plaintiffs have not stated a claim against Safeco. Further, some of Plaintiffs' claims, such as negligent misrepresentation, are not necessarily coverage claims. The Court therefore **DENIES** Safeco's motion to dismiss. However, the Court finds that the entity issuing the insurance policy at issue in this coverage action is an indispensable party under Rule 19(a)(1) of the Federal Rules of Civil Procedure. The Court therefore **ORDERS** Plaintiffs to join First National as a defendant in this action within twenty-one days of the date of this Order. Fed. R. Civ. P. 19(a)(2). Any previously asserted claims asserted against First National will relate back to the date of the original complaint. *See* Fed. R. Civ. P. 15(c)(1)(B)–(C).

**AND IT IS SO ORDERED.**

_____
Richard Mark Gergel
United States District Court Judge

December 1͞5, 2016
Charleston, South Carolina