IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| Juanita Hart *and* Devon Hart Barron, ) | Civil Action No. 2:16-2777-RMG |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | **ORDER AND OPINION** |
| ) | |
| Safeco Insurance Co., *a subsidiary of* ) | |
| *Liberty Mutual Insurance Company, and* ) | |
| First National Insurance Company of ) | |
| America, ) | |
| ) | |
| Defendants. ) | |
| _____ ) | |

This matter is before the Court on Defendants' motion to quash deposition notice and for a protective order (Dkt. No. 78). For the reasons set forth below, the Court grants in part and denies in part the motion.

I. **Background**

Plaintiff Juanita Hart had an automobile insurance policy with Defendant Safeco Insurance or Defendant First National insurance, setup so that monthly premiums would be charged electronically to her Wells Fargo checking account. Plaintiffs claim Defendants did not attempt to charge her bank account for the auto insurance premium due January 4, 2016, resulting in a loss of coverage just before an automobile accident. On February 14, 2017, the Court held Plaintiffs had produced no evidence to controvert Defendant's affidavit from a receivables manager, who swears that that she did attempt to charge Ms. Hart's Visa and that the attempted charge was declined. The Court therefore held Defendants are entitled to judgment as a matter of law because Plaintiffs failed to show genuine issues of fact that, if decided for Plaintiffs, could establish a *prima facie* case for relief. (Dkt. No. 62 at 4–9); *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986) (providing summary judgment standard).

-1-

Plaintiffs then moved for reconsideration based on additional materials not available when the motion for summary judgment was briefed. Although the Court found those materials unpersuasive, it recognized that Defendants had moved for summary judgment well before the close of discovery. The Court therefore placed the order granting summary judgment into abeyance until the scheduled end of discovery to permit Plaintiffs a full opportunity to develop their *prima facie* case. (Dkt. No. 74 at 2–3.) Defendants now move to quash a subpoena for a Rule 30(b)(6) deposition of "Safeco/First National."[1] (Dkt. No. 78.)

## II. Legal Standard

Rule 26 of the Federal Rules of Civil Procedure provides that, unless otherwise limited by court order, "[p]arties may obtain discovery regarding any non-privileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden of expense of the proposed discovery outweighs its likely benefit." Fed. R. Civ. P. 26(b)(1). "The court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense" by forbidding or limiting the scope of discovery. Fed. R. Civ. P. 26(c)(1). "The scope and conduct of discovery are within the sound discretion of the district court." *Columbus-Am. Discovery Grp. v. Atl. Mut. Ins. Co.*, 56 F.3d 556, 568 n.16 (4th Cir. 1995); *see also United States ex rel. Becker v. Westinghouse Savannah River Co.*, 305 F.3d 284, 290 (4th Cir. 2002) (stating that district courts are afforded "substantial discretion . . . in managing discovery").

---

[1] Safeco and First National are distinct Defendants. Defendants' motion to quash states the subpoena seeks to depose a Rule 30(b)(6) representative of First National. (Dkt. No. 78 at 1.)

Rule 30 gives parties broad leave to depose "any person" who may have relevant information in a case. Fed. R. Civ. P. 30. When a party subpoenas attendance at a deposition, the party receiving the subpoena may move to quash the subpoena under Rule 45, which requires that a district court must quash or modify a subpoena that:

(i) fails to allow a reasonable time to comply;

(ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);

(iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or

(iv) subjects a person to undue burden.

Fed. R. Civ. P. 45(d)(3)(A).

### III. Discussion

Defendants present two arguments in support of their motion to quash Plaintiffs' subpoena for a Rule 30(b)(6) deposition. First,[2] Defendants argue the noticed deposition topics are not within the scope of discovery the Court's order on reconsideration contemplates. (Dkt. No. 78 at 3–4.) The Court finds that argument to be without merit. The deposition topics concern whether or why Ms. Hart's debit card declined the charge for the January 3, 2016 premium charge and how Defendants normally process a declined premium charge. (*See* Dkt. No. 78-1 at 6–7.) While the Court anticipates some topics may be beyond Defendants' knowledge (*e.g.*, why Ms. Hart's debit card would decline a particular payment request seems like a question best directed to her bank), the Court sees no reason why Plaintiffs should be barred from asking Defendants those questions.

---

[2] Defendant's brief outlines three arguments, but the Court deems Defendants' first argument ("The topics Plaintiffs seek to question a 30(b)(6) witness about do not seek to uncover evidence that would refute First National's evidence showing the payment was [not] made") and second argument ("The 'topics' listed in Exhibit A are far beyond the scope of inquiry solicited by the Court") to be the same argument.

Second, Defendants argue Plaintiffs are attempting to circumvent the Federal Rules of Civil Procedure applicable to discovery requests. That is a meritorious argument. "Rule 34 provides the procedure by which a party may obtain documents from another party." *Layman v. Junior Players Golf Acad., Inc.*, 314 F.R.D. 379, 385 (D.S.C. 2016). "Rule 34 gives the responding party 30 days after being served to respond in writing." *Id.* Rule 45, which provides the procedure by which a person may be compelled to produce documents and tangible things by subpoena, does not impose time limits for responses and allows the party serving the subpoena to fashion a specific time limit as long as it is "reasonable." Fed. R. Civ. P. 45(d)(3)(A)(i). "The leading treatises agree that although Rule 45 may apply to both parties and nonparties, resort to Rule 45 should not be allowed when it circumvents the requirements and protections of Rule 34 for the production of documents belonging to a party." *Layman*, 314 F.R.D. at 385 (internal quotation marks omitted). "Although Rule 45 is not limited by its terms to nonparties, it should not be used to obtain pretrial production of documents or things, or inspection of premises, from a party in circumvention of discovery rules or orders. Discovery from a party, as distinct from a nonparty, is governed by Rule 34, not Rule 45." *Id.* (internal quotation marks omitted).

Under the scheduling order and under the Court's order on Plaintiffs' motion to reconsider, discovery must be completed no later than April 28, 2017 and "all discovery requests shall be served in time for the responses thereto to be served by this deadline." (Dkt. Nos. 22, 74.) Therefore, the scheduling order prevents Plaintiffs from obtaining the documents described in the deposition notice under Rule 34 because less than thirty days remained for discovery when Plaintiffs served the subpoena. (*See* Dkt. No. 78-1 at 8 (subpoena served on April 13, 2017).) Even though Plaintiffs could have obtained the documents referred to in the deposition notice from Defendants under the procedures outlined in Rule 34, the allotted thirty-day window fell outside

of the close of discovery. It therefore it appears that certain noticed Rule 30(b)(6) deposition topics are attempts to circumvent the Rule 34 via Rule 45 and to deny Defendants the thirty-day period for responding to requests for production that Rule 34 allows. (*E.g.*, Dkt. No. 78-1 at 6 ¶ 3 (stating as a topic for deposition "Documentation of the attempts that were made to reprocess the January 3, 2016, Hart recurring debit card premium payment request").) The Court therefore grants in part the motion to quash insofar as the deposition notice propounds requests for production and modifies the subpoena to remove the requirement that the deponent produce documents. *See* Fed. R. Civ. P. 45(d)(3)(A) (district courts "must quash or modify a subpoena that . . . fails to allow a reasonable time to comply"). If good cause exists for the failure to propound timely production requests for these documents, Plaintiffs may file a motion to extend discovery.

## IV.   Conclusion

For the foregoing reasons, the Court **GRANTS IN PART AND DENIES IN PART** Defendant's motion to quash deposition notice and for a protective order (Dkt. No. 78). The Court **MODIFIES** the subpoena of Defendant's Rule 30(b)(6) representative to remove the requirement that the deponent produce documents. The motion is otherwise **DENIED**.

**AND IT IS SO ORDERED.**

Richard Mark Gergel
United States District Court Judge

April ___, 2017
Charleston, South Carolina